UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY VIRGINELLI,

            Plaintiff,

v.                            No.

ARMOR CORRECTIONAL HEALTH
SERVICES, INC.,

            Defendant.

## COMPLAINT

The plaintiff, Anthony Virginelli, states the following as his complaint against the defendant, Armor Correctional Health Services, Inc. [hereinafter Armor Correctional]

1. At all times relevant, the plaintiff, Anthony Virginelli, was a citizen of the State of Illinois.

2. At all times relevant and on information and belief, the defendant, Armor Correctional was a Florida corporation with its principal offices at 4960 S.W. 72nd Avenue, Suite 400, Miami, Florida.

### *Jurisdiction*

3. Jurisdiction over the claims associated with the defendant, Armor Correctional arises from diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### *Common Allegations*

4. On and after December 11, 2017 and at all times relevant, Anthony Virginelli was a prisoner within the Lake County jail.

5. On and after December 11, 2017 and at all times relevant, Armor Correctional provided all medical, nursing, pharmacy, and associated care and services to inmates at the Lake County jail.

6. At all times relevant, Armor Correctional was a medical-service corporation that expressly and implicitly informed and represented to the public, generally, and to the Lake County Sheriff's department and Anthony Virginelli, specifically, that it possessed the requisite skill, competence, know-how, services, equipment, information, and systems and retained on its staff physicians, pharmacists, nurses, and support personnel who were reasonably qualified to provide proper-and-reasonable medical care, nursing care, pharmacy care, and associated care and services, and supervision of medical care, nursing care, pharmacy care, and associated care and services to the public, generally, and to inmates of the Lake County jail and Anthony Virginelli, specifically.

7. After admission to the Lake County jail, Anthony Virginelli informed the defendant and its staff of the medications that he was prescribed and currently using, including blood-pressure medication, pain medication, and effective antacid medication.

8. At all times relevant, the defendant and its staff noted within the medical record for Anthony Virginelli the list of medications that Anthony Virginelli reported that he was prescribed and currently using, including blood-pressure medication, pain medication, and effective antacid medication.

9. At all times relevant, the defendant and the staff of the defendant were expected to know and to understand the medications that Anthony Virginelli reported that he was prescribed and currently using, including blood-pressure medication, pain medication, and effective antacid medication.

10. At all times relevant, the defendant expected that its staff would arrange for and administer daily the medications that Anthony Virginelli reported that he was prescribed and currently using, including blood-pressure medication, pain medication, and effective antacid medication.

11. At all times relevant, the defendant and its staff understood or should have understood that people like Anthony Virginelli at the Lake County jail required the daily administration of the medications that they were prescribed and currently using, including blood-pressure medication, pain medication, and effective antacid medication.

12. At all times relevant, the defendant and its staff understood or should have understood the risks of not providing daily administration of blood-pressure medication, pain medication, and effective antacid medication to Anthony Virginelli, which included increased blood pressure, stroke of varying degree, stroke-like signs and symptoms, and neurologic injury and mood disorders from increased blood pressure, stroke, and its signs and symptoms.

13. At all times relevant, the defendant understood or should have understood that its staff needed to understand the need for and to administer daily the medications that people like Anthony Virginelli at the Lake County jail were prescribed and currently using, including blood-pressure medication, pain medication, and effective antacid medication.

14. At all times relevant, Anthony Virginelli required treatment with medications, including blood-pressure medication, pain medication, and effective antacid medication, on a daily basis for his medical conditions, which included high blood pressure, gastrointestinal pain, and excessive acid production.

15. At all times relevant, the staff of the defendant acted within the scope of its authority as physicians, pharmacists, nurses, and support personnel employed by the defendant

and providing medical care, nursing care, pharmacy care, and associated care and services at the Lake County jail.

16. While under the medical control of the defendants and its staff and thereafter, Anthony Virginelli experienced increased blood pressure, varying degree of stroke, and strike-like signs and symptoms caused by the failure to administer daily his blood-pressure medication, pain medication, and effective antacid medication at the Lake County jail.

17. At all times relevant, the defendant and its staff recommended and arranged for Anthony Virginelli to be transferred from the Lake County jail for treatment of the blood pressure, degree of stroke, and stroke-like signs and symptoms that he experienced.

18. At all times relevant, the defendant and its staff recommended and arranged for Anthony Virginelli to be transferred from the Lake County jail for treatment of the blood pressure, degree of stroke, and stroke-like signs and symptoms that he experienced because they were unable to treat properly his medical condition.

19. After the medical treatment Anthony Virginelli received outside of the Lake County jail and return to the Lake County jail, the defendant and its staff recommended that Anthony Virginelli not be further incarcerated at the Lake County Jail because of his medical condition.

20. Anthony Virginelli currently experiences neurologic abnormalities and mood disorder that can be and are expected to be caused by increased blood pressure, stroke, and stroke-like signs and symptoms caused by the failure to administer daily his blood-pressure medication, pain medication, and effective antacid medication at the Lake County jail.

21. On March 24, 2021, the court dismissed without prejudice the previous filing of this case, *Virginelli v. Armor Correctional Health Services, Inc.,* No. 19 C 8025 (N.D. Ill.),

before the defendant answered the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 4(a), and pursuant to Mr. Virginelli's motion under 735 ILCS 5/2-1009, 735 ILCS 5/13-217, and *Evans ex rel. Evans v. Lederle Laboratories*, 167 F.3d 1106, 1111–12, 1112 n.7 (7th Cir. 1999).

22. Mr. Virginelli realleges the same allegations within this complaint that were alleged within the First Amended Complaint, *Virginelli,* No. 19 C 8025 (N.D. Ill. filed Mar. 18, 2021), Dkt. 134, and names, only, the same defendant.

## *I*
## *Negligence*

23. At all times relevant, Armor Correctional owed Anthony Virginelli the duty of reasonable care.

24. At all times relevant, Armor Correctional negligently and deviated from the standard of reasonable care by one or more of the following wrongful acts and omissions:

    a. it failed to provide the blood-pressure medications to Anthony Virginelli that he required for at-least-one day during his incarceration at the Lake County jail;

    b. it failed to provide the pain medication to Anthony Virginelli that he required during his incarceration at the Lake County jail;

    c. it failed to provide the effective antacid medications to Anthony Virginelli that he required for at-least-one day during his incarceration at the Lake County jail;

    d. it failed to understand the need of Anthony Virginelli for daily use of his medications, including blood-pressure medication, pain medication, and effective antacid medication;

    e. its staff failed to communicate to other staff the nature of Anthony Virginelli's medications and his need for their daily use, including blood-pressure medication, pain medication, and effective antacid medication;

    f. it failed to require evaluation of prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail;

5

  g. it failed to supervise properly and reasonably its staff at the Lake County jail regarding evaluation and administration of a prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail;

  h. it failed to confirm its staff's understanding and compliance with its rules, regulations, and directives regarding evaluation and administration of a prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail; and

  g. it failed to have proper-and-reasonable systems in place to identify and administer the medications that prisoners required upon arrival and thereafter while prisoners at the Lake County jail.

24. As a direct and proximate cause of each of the following wrongful acts and omissions, Anthony Virginelli was injured and incurred expense.

WHEREFORE, Anthony Virginelli asks for damages against Armor Correctional Health Services, Inc. in an amount in excess of $75,000.00 and costs.

### *Jury Demand*

The plaintiff demands a trial by jury.

             ANTHONY VIRGINELLI

           By: /s/ David W. Hepplewhite
              His Attorney

David W. Hepplewhite
David W. Hepplewhite, P.C.
135 South LaSalle Street, Suite 4000 Chicago, Illinois 60603
312-782-7500, dwhpc@hepplewhitelaw.com

Case: 1:22-cv-01488 Document #: 1 Filed: 03/22/22 Page 7 of 8 PageID #:7

## **CERTIFICATE OF SERVICE**

I, David W. Hepplewhite, certify that the foregoing First Amended Complaint was filed with the court's CM/ECF system on March 18, 2021.

/s/ David W. Hepplewhite
Attorney For The Plaintiff

8